IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-04-CR-0183-M |
| | § | NO. 3-06-CV-1428-M |
| TERRENCE O. O'BRIEN II | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Terrence O. O'Brien II, appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed on limitations grounds.

I.

A federal grand jury indicted defendant on six counts of mail fraud in violation of 18 U.S.C. § 1341. Defendant pled guilty to one count and the other counts were dismissed. Punishment was assessed at 15 months confinement followed by supervised release for a period of three years. No appeal was taken. Instead, defendant filed this motion under 28 U.S.C. § 2255.

II.

In two grounds for relief, defendant contends that: (1) he was found guilty on a count that was dismissed by the court; and (2) he received ineffective assistance of counsel.

By order dated August 31, 2006, the court *sua sponte* questioned whether this case was subject to dismissal on limitations grounds. Defendant addressed the limitations issue in a reply filed on September 29, 2006. The court now determines that this case is time-barred and should be summarily dismissed.

A.

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. 2255. The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment of conviction becomes final;
>
> (B)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (C)   the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Defendant pled guilty to one count of mail fraud and was sentenced to 15 months confinement followed by three years of supervised release. The judgment was entered on June 6, 2005 and no appeal was taken. Therefore, defendant's conviction became final 10 days after entry of the judgment, or on June 16, 2005. *See* FED. R. APP. P. 4(b)(1)(A) (deadline for filing notice of appeal in criminal case is 10 days after entry of judgment); *United States v. Garcia-Mancha*, No. 2-96-CR-021, 2001 WL 282769 at *2 (N.D. Tex. Mar. 15, 2001) (where no appeal is taken, federal

conviction becomes final for limitations purposes 10 days after judgment is entered). Yet defendant did not file his section 2255 motion until July 30, 2006--more than one year later.[1]

In an attempt to excuse this delay, defendant blames the court for not advising him of the one-year statute of limitations when he wrote a letter to the judge in December 2005 complaining about his former attorney and inquiring whether his mandatory special assessment had been paid. In response to that letter, the judge wrote:

> The Court is in receipt of your letter dated December 26, 2005 and filed with the Clerk of Court on December 28, 2005.
>
> The Financial Department has confirmed that your Mandatory Special Assessment of $100 was paid on August 9, 2005.
>
> You should cease corresponding with the Court. If you seek legal relief, you must do so by filing legal papers with the Clerk of Court.

Although equitable tolling may be warranted where a defendant is actively misled by the court about the deadline for filing a section 2255 motion, *see United States v. Patterson*, 211 F.3d 927, 231-32 (5th Cir. 2000), no misdirection occurred here. The district judge merely instructed defendant to cease corresponding with the court and to file appropriate papers if he wanted to seek any kind of legal relief. Contrary to defendant's argument, the court is under no obligation to inform a prisoner of the AEDPA statute of limitations or the date by which a motion for post-conviction relief must be filed.[2]

---

[1] The initial pleading filed by defendant is entitled "Motion for Immediate Release." By order dated August 15, 2006, the court recharacterized this pleading as a section 2255 motion and gave the defendant an opportunity "to withdraw the motion or amend it so that it contains all the § 2255 claims he believes he has." Order, 8/15/06 at 1, *quoting Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003). Defendant filed an amended section 2255 motion on August 25, 2006. However, for limitations purposes, the court will consider the motion filed as of July 30, 2005--the date defendant placed his initial pleading in the prison mail system.

[2] Defendant also wrote a letter to the court in July 2006 requesting new counsel. Once again, the judge instructed defendant to "cease corresponding with the Court" and to "file legal papers with the Clerk of Court" if he wanted to seek legal relief. Because defendant did not write this second letter until after the AEDPA statute of limitations had expired, the court's response, even if inappropriate, has no impact on the limitations issue.

Nor is equitable tolling warranted because defendant, who is not represented by counsel, intentionally delayed filing this action until he had served six or seven months of his 15-month sentence in an attempt show "good faith." *See, e.g. Felder v. Johnson*, 204 F.3d 168, 173-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000) (ignorance of law and *pro se* status held insufficient to toll AEDPA statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (same). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to merit equitable tolling. *See Felder*, 204 F.3d at 171; *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *3 (N.D. Tex. Jan. 11, 2006) (Kaplan, J.).

## **RECOMMENDATION**

It plainly appears from the face of the motion and the record of prior proceedings that this case is barred by limitations. Accordingly, defendant's motion to correct, vacate, or set aside sentence should be summarily dismissed. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 16, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE